UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ariel D[1]., <br><br> Plaintiff, <br><br> v. <br><br> Martin J. O'Malley[2], <br> *Acting Commissioner of Social Security*, <br><br> Defendant. | Case No. 22-cv-3030 (JWB/DJF) <br><br><br> **ORDER** |

This matter is before the Court on Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act U.S.C. 28 § 2412(D) (EAJA) ("Motion") (ECF No. 25), and the parties' joint Stipulation for EAJA Fees ("Joint Stipulation") (ECF No. 33). Plaintiff initially sought an award of attorney's fees in the amount of $8,812.15, and costs in the amount of $100 to be paid directly to Plaintiff's attorney. (ECF No. 25.) The parties subsequently stipulated to an attorney's fees award of $8,000 and no costs. (ECF No. 33.) Based on the Joint Stipulation and for good cause shown, the Court **DENIES** Plaintiff's Motion as moot (ECF No. [33]), and approves the Joint Stipulation as follows:

1. Plaintiff is awarded $8,000.00 for reasonable attorney's fees under the EAJA. The award shall fully and completely satisfy any and all claims for fees, costs, and/or expenses that may have been payable to Plaintiff in this matter pursuant to the EAJA.

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in orders in Social Security matters.

[2] Martin J. O'Malley became Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and the last sentence of section 205(g) of the Social Security act, 42 U.S.C. § 405(g), the Court substitutes Martin J. O'Malley for Kilolo Kijakazi as the defendant in this matter.

2. In accordance with the EAJA and *Astrue v. Ratliff*, 560 U.S. 586 (2010), the EAJA fee award is payable to Plaintiff as the litigant and subject to offset to satisfy any preexisting debts that the litigant may owe to the United States.

3. If, after receiving the Court's EAJA fees order, the Commissioner: (1) determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program; and (2) agrees to waive the requirements of the Anti-Assignment Act, then the EAJA fees will be made payable to Plaintiff's attorney, **Konoski & Partners, P.C.** However, if there is a debt owed under the Treasury Offset Program, any remaining EAJA fees after offset will be paid by check made out to Plaintiff.

4. Any checks issued for payment (regardless of whether the check is made out to the Plaintiff or to Konoski & Partners, P.C.) shall be delivered to Plaintiff's attorney at **Konoski & Partners, P.C., 180 Tices Lane, Suite 103, Bldg. B, East Brunswick, NJ, 08816.**

**IT IS SO ORDERED**.

Dated: February 16, 2024

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge